UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Isaiah Stacy Alstad,<br><br>Defendant (3). | Case No. 20-cr-243 (JRT/HB)<br><br><br><br>**ORDER** |

HILDY BOWBEER, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on the nondispositive pretrial motions filed by Defendant Isaiah Alstad. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court held an in-person hearing on the parties' dispositive and nondispositive motions on Monday, February 14, 2022. (*See* Ct. Mins. [ECF No. 366].) At that time, the Defendant withdrew his Motion to Suppress Statements [ECF No. 152] based on the Government's representations that it does not intend to use any statements made by Defendant. The Court requested post-hearing briefing on Defendant's Motion to Suppress Evidence [ECF No. 156], took the remaining dispositive motions under advisement [ECF Nos. 154-55], and took the nondispositive motions under advisement. The Court will address separately the currently pending dispositive motions. The Court finds the nondispositive motions appropriate for summary disposition and will resolve them accordingly.

1

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [ECF No. 65] is **GRANTED** to the extent required by those Rules.

2. Defendant's Motion for Disclosure of 404(b) Evidence [ECF No. 142] is **GRANTED** in that the Government shall give notice no later than two weeks before trial of its intention to introduce Rule 404(b) evidence.  If the Government discovers any Rule 404(b) evidence that it intends to use after the deadline, it shall produce the evidence as soon as possible. Nothing in this order shall be deemed to require the disclosure of wrongful conduct "intrinsic" to the crime charged.  *See United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010).

3. Defendant's Motion for Disclosure of Exculpatory Evidence [ECF No. 143] is **GRANTED** to the extent contemplated by *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny.   All witness impeachment material and witness statements will be produced according to the Jencks Act.  *See United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012). To the extent the motion seeks to know the Government's witnesses, that motion is **DENIED**.  *See United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013).   The Government will provide a potential witness list to the Defendant in accordance with the trial scheduling order and agrees to disclose, immediately prior to trial, the criminal record information, if any, of its testifying witnesses, and any

promises or agreements, if any, between it and its testifying witnesses. (Gvt.'s Resp. at 4 [ECF No. 161].)

4. Defendant's Motion for Disclosure of Expert Under Rule 16(a)(1)(G) [ECF No. 144] is **GRANTED**. All expert disclosures shall be made reciprocally no later than fourteen (14) days before trial.

5. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance [ECF No. 145] is **DENIED** without prejudice as moot based on the Government's representations that it currently possesses no such evidence.

6. Defendant's Motion for Early Disclosure of Jencks Act Material [ECF No. 146] is **DENIED**. *See United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984). Notwithstanding, the Government represents that it has voluntarily made and intends to continue making liberal early disclosure of potential Jencks Act material. (Gvt.'s Resp. at 7.)

7. Defendant's Motion for Government Agents to Retain Rough Notes [ECF No. 147] is **GRANTED** as to retention and preservation only.

8. Defendant's Motion for Grand Jury Transcripts [ECF No. 148] is **DENIED** because Defendant has not made a showing of a "particularized need" for the grand jury transcripts. *See United States v. Benson*, 760 F.2d 862, 864 (8th Cir. 1985). Notwithstanding, the Government represents it will produce any witness's relevant grand jury testimony in accord with the Jencks Act and upon agreement that the grand jury transcript is returned immediately after the witness completes

testimony.  (Gvt.'s Resp. at 8-9.)

9. Defendant's Motion for Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807 [ECF No. 149] is **GRANTED** in part and **DENIED** in part.  The United States shall provide notice of its intent to use evidence under Federal Rule of Evidence 807 as required under subsection (b) no later than fourteen (14) days before trial.

10. Defendant's Motion to Disclose and Make Informant Available for Interview and to Disclose Promises of Favorable Treatment [ECF No. 150] is **DENIED**.  The United States has a privilege to withhold from disclosure the identity of its informants, unless disclosure of the identity of the informant or the contents of his communication "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."  *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957).  The Government represents that it is unaware of any informants in this case that meet this description, and Defendant has not made a showing of materiality as to any such individuals.  *See Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001).  If that changes, the Government shall promptly notify Defendant's counsel, and this motion may be renewed if appropriate.  The Government also agrees to disclose no later than twenty-one (21) days before trial the identities of any indicted or unindicted cooperating individuals who were percipient witnesses to the crimes with which the Defendant is charged.  (Gvt.'s Resp. at 11-12.)  Further, the Government agrees that statements made by such individuals will be disclosed as Jencks Act material.  (*Id.* at 12.)  The Defendant

4

bears the obligation to coordinate witness interviews with these individuals. *See United States v. Padilla*, 869, F.2d 372, 376-77 (8th Cir. 1989).

11. Defendant's Motion to Disclose Post-Conspiracy Statements of Co-Defendants and Unindicted Co-Conspirators [ECF No. 151] is **DENIED**. Statements made by government witnesses are not discoverable under Rule 16. *See United States v. Collins*, 652 F.2d 735, 738 (8th Cir. 1981). Moreover, Defendant's request for leave to file motions for severance, suppression, or in limine in response to the Government's disclosure is premature and should be directed to the district judge if any issues under *Bruton v. United States*, 391 U.S. 123 (1968) arise closer to trial. Notwithstanding, the Government has already produced some statements and represents it will produce any statements made by co-defendants or unindicted co-conspirators if they constitute *Brady* or Jencks Act material. (Gvt.'s Resp. at 12-13.)

12. Defendant's Motion for a Bill of Particulars [ECF No. 153] is **DENIED**. Defendant requests the Government provide 1) the duration of the conspiracy, 2) the dates on which Defendant purportedly joined the conspiracy, 3) and a description of all overt acts taken by the Defendant as part of the conspiracy, including clarification of which of the "scores of police reports" the Government alleges constitute overt acts in furtherance of the conspiracy. The indictment returned by the grand jury in this case fully complies with Federal Rule of Criminal Procedure 7(c)(1) and provides more than sufficient information from which the Defendant is able to prepare his defense. Notably, the conspiracy

5

statute under which Defendant was charged, 18 U.S.C. § 924(o), does not contain an overt act requirement. *See United States v. Johnson*, No. S1-4:10CR253 CEJ, 2012 WL 1382519, at *2 (E.D. Mo. Apr. 11, 2012) (citing *United States v. Shabani*, 513 U.S. 10 (1994)). Nevertheless, the indictment describes eleven overt acts. [ECF No. 38 ¶¶ 7-17.] Moreover, the Government has provided additional information in discovery. *See United States v. Hernandez*, 299 F.3d 984, 990 (8th Cir. 2002) (holding government's provision of information precluded surprise and need for a bill of particulars); *United States v. Stephenson*, 924 F.2d 753, 761-62 (8th Cir. 1991). The Defendant has not explained why the information already provided is insufficient to understand the nature of the charges, prevent surprise at trial, and prepare his defense. *See United States v. Livingstone*, 576 F.3d 881, 883-84 (8th Cir. 2009). "[A] bill of particulars is not a discovery device to be used to require the government to provide a more detailed disclosure of evidence that it will present at trial." *Id.* at 883.

Dated: February 16, 2022

                                             *s/ Hildy Bowbeer*
                                             HILDY BOWBEER
                                             United States Magistrate Judge