UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Isaiah Stacy Alstad,<br><br>Defendant (3). | Case No. 20-cr-243 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on two pretrial motions filed by Defendant Isaiah Alstad. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Court held an in-person hearing on the parties' dispositive and nondispositive motions on Monday, February 14, 2022. (*See* Ct. Mins. [ECF No. 366].) At that time, Defendant withdrew his Motion to Suppress Statements [ECF No. 152] based on the Government's representations that it does not intend to use any statements made by Defendant. The Court requested post-hearing briefing on Defendant's Motion to Suppress Evidence [ECF No. 156], took the remaining dispositive motions [ECF Nos. 154-55] under advisement, and took the nondispositive motions under advisement. The Court issued a separate order on Defendant's nondispositive motions. [ECF No. 369.] The Court now turns to the dispositive motions currently pending as to which no post-hearing briefing was requested.

### I. Defendant's Motion for Severance from Co-Defendant

Defendant Alstad moves to sever Defendant's trial from that of his co-defendants because 1) the jury will have difficulty distinguishing the alleged acts of Defendant as opposed to those of his co-defendants; 2) evidence that would be inadmissible in separate trials may be admitted; 3) and the defendants will obtain a more fair and impartial trial if tried separately. [ECF No. 154 at 1]; *see* Fed. R. Crim. P 14(a).

Defendants are jointly indicted on similar evidence from the same or related events based on their membership in the same street gang or clique. (Superseding Indictment [ECF No. 38].) As a result, there is a strong preference for Defendants to be tried together, and Defendant must show "real prejudice . . . something more than the mere fact that he [could have] a better chance for acquittal [if] he [is] tried separately." *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) (citations omitted). "A defendant can show real prejudice to his right to a fair trial by showing (a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it related to the separate defendants." *Id.*; *see also Zafiro v. United States*, 506 U.S. 534, 538 (1993). It is not enough to say that "evidence that is admissible only against some defendants may be damaging to others." *Mickelson*, 378 F.3d at 818 (citing *United States v. Blum*, 65 F.3d 1436, 1444 (8th Cir. 1995)).

Originally, six individuals were jointly indicted. (Superseding Indictment at 1.) Four of those individuals have changed their pleas. [ECF Nos. 165-66 (Richardson), 170-71 (Williams), 183-84 (Rhodes), 193-94 (Walker).] Defendant Ballard is currently contesting his competency to stand trial. (*See, e.g.*, Ballard's Post-Competency Hrg.

Brief [ECF No. 349].) It is possible no co-defendants will remain at the time of trial and the issues identified by Defendant Alstad will disappear. Even assuming both Defendants Alstad and Ballard choose to go to trial, the Court is without sufficient information to conclude that this is the "rare case . . . where a district court should sever the trial of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). Ultimately, the Court may alleviate the concerns raised by Alstad through limiting instructions. *See Zafiro*, 506 U.S. at 539. Therefore, the Court recommends Defendant's motion to sever be denied with the opportunity to renew the motion closer to trial. Any such future motion to sever should be directed to the district judge.

## II.   Defendant's Motion to Dismiss Counts 8 and 10

Defendant Alstad moves to dismiss Counts 8 and 10 of the Superseding Indictment for failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). Relevant to this motion, Count 1 charges Defendant with conspiracy to use, carry, and brandish firearms during and in relation to a crime of violence, namely aiding and abetting carjacking, in violation of 18 U.S.C. § 924(o). The indictment describes eleven overt acts under the conspiracy, including:

> 13.   On August 25, 2020, at approximately 6:50 a.m., Defendants Joshoamei Deangelo Richardson, James Brock Williams, Jr., Isaiah Stacy Alstad, Clifton Germaine Walker, Jr., and Eric Troy Ballard, Jr., carjacked a 2012 gray Dodge Charger . . . at gunpoint.
>
> 14.   On August 25, 2020, at approximately 9:00 a.m., Defendants Joshoamei Deangelo Richardson, James Brock Williams, Jr., Isaiah Stacy Alstad, and Eric Troy Ballard, Jr., carjacked a 2012 blue Subaru Outback . . . at gunpoint[.]

(Super. Indict. at 5.) Count 8 charges Defendant with aiding and abetting carjacking for

3

"knowingly and unlawfully tak[ing] . . . a 2012 gray Dodge Charger . . . by force and violence and by intimidation, *with the intent to cause serious bodily harm.*" (*Id.* at 9-10 (emphasis added).)  Count 10 charges Defendant with aiding and abetting carjacking for "knowingly and unlawfully tak[ing] . . . a 2012 blue Subaru Outback . . . by force and intimidation, *with the intent to cause serious bodily harm.*" (*Id.* at 10-11 (emphasis added).)  Defendant argues that because the description of the overt acts in paragraphs 13 and 14 do not allege circumstances evidencing the participants' intent to harm or injure the victim, Counts 8 and 10 based on the same events fail to state an offense under 18 U.S.C. § 2119(1), which requires an "intent to cause death or serious bodily harm."

An indictment properly charges a criminal offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges information to allow a defendant to plea a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).  An indictment is "normally sufficient if it tracks the statutory language." *Id.* (citing *Hamling v. United States,* 418 U.S. 87, 117 (1974)).  Counts 8 and 10 track the statutory language of 18 U.S.C. § 2119(1), including the element of intent.[1]  Defendant does not challenge the language under Counts 8 and 10.

---

[1] Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall —
    (1) be fined under this title or imprisoned not more than 15 years, or both,
    (2)-(3) [omitted]

4

The language used to describe the same events under the conspiracy[2] offense in Count 1 has no bearing on the separately charged and properly alleged substantive offenses in Counts 8 and 10. Therefore, the Court recommends Defendant's motion to dismiss Counts 8 and 10 be denied.

### III.   Conclusion

Based on all the files, records, and proceedings herein, the Court respectfully recommends that:

1. Defendant's Motion for Severance [ECF No. 154] be **DENIED WITHOUT PREJUDICE**; and

2. Defendant's Motion to Dismiss Counts 8 and 10 [ECF No. 155] be **DENIED**.

Dated: February 16, 2022

*s/ Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

---

[2] Notably, intent to cause serious bodily injury is not an element of 18 U.S.C. § 924(o), and therefore the government was not required to allege that intent under Count 1.

5